THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHERMAN GOODRICH, Relator, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

Supreme Court, Wyoming County, September 28, 1944.

*Sherman Goodrich,* relator in person.

*Nathaniel L. Goldstein, Attorney-General, (Wortley B. Paul* of counsel), for respondent.

HINKLEY, J. Return of a writ of habeas corpus. The sole question before the court is whether a violation of the so-called Dyer Act (transporting a stolen automobile in interstate commerce) can be regarded as a first offense in order to bring relator within the provisions of section 1941 of the Penal Law as a second offender.

The general impression and in some instances the determination of the courts of the State has been that a violation of the Dyer Act was not a crime which if committed within this State would be a felony. (*People v. Tramonti,* 153 Misc. 371.)

The National Motor Vehicle Theft Act (Dyer Act) (U. S. Code, tit. 18, § 408) is in part as follows: " Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

Concededly interstate commerce is an essential element of the crime without which the Federal courts would not have jurisdiction. Judicial construction has indicated that while knowledge of the fact that the automobile was stolen is essential,

still, knowledge that the automobile was moving across a State line is not essential. (*Katz* v. *United States*, 281 F. 129.) Transporting goods or passengers for hire is not essential to constitute interstate commerce under the section. (*Whitaker* v. *Hitt*, 285 F. 797.) Transporting a stolen automobile need not be for the purpose of engaging in an act of commerce, and such intent need not be charged in the indictment. (*Hughes* v. *United States*, 4 F. 2d 387.)

Subdivision 9 of section 70 of the Vehicle and Traffic Law provides as follows: " Any person who shall knowingly make any false statement of a material fact in any endorsement of a certificate of registration, upon a sale or transfer of a motor vehicle or motor cycle, or who, with intent to procure or pass title to a motor vehicle or motor cycle which he knows, or has reason to believe, has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle or motor cycle which he knows, or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be guilty of a felony, and upon conviction shall be punished by a fine of not less than one hundred dollars nor more than five thousand dollars, or by imprisonment for not less than one year nor more than five years, or by both such fine and imprisonment, in the discretion of the court. This provision shall not be exclusive of any other penalties prescribed by law, now or hereafter, for the larceny or unauthorized taking of property, but shall be deemed supplementary thereto."

Defendant contends that a violation of the Federal statute is a crime which if committed within this State would be a felony. In the light of judicial precedent there is force to this contention. However, we must do violence to the language of two statutes in order to reach that conclusion.

For subdivision 9 of section 70 of the Vehicle and Traffic Law above-quoted makes no reference to transporting a stolen motor vehicle but is limited to possession only, and concededly the transportation across the State line which gives rise to the Federal offense is not a crime within the State law. Section 1941 uses the language " of a crime which, if committed within this state, would be a felony ". Thus we have a situation where the crime could not be committed within this State.

This is an important question upon which the extended second, third and fourth term sentences of many convicted persons has in the past and may in the future depend. It is suggested that **the Attorney-General take an appeal from this decision in**

order that the determination of this question may be passed upon by the higher court.

Writ dismissed and prisoner returned to the Wayne County Court for sentence in accordance with this opinion.