EX PARTE DON M. BLACK

Nos. 25,947-25,948. June 25, 1952.

Hon. T. C. Chadwick, Judge Presiding.

*Florence & Florence,* Gilmer, for appellant.

*Murray L. Harris,* County Attorney, *James L. Hartsfield, Jr.,* Assistant County Attorney, both of Quitman, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

These are appeals from orders of the district court of Wood County denying appellant bail in two murder cases pending against him, one for killing Jack Gilliam and another for killing his wife, on the docket of said court.

At the hearing, the state produced witnesses who saw the appellant drive up to Gilliam's house and shoot Gilliam at close range with a shotgun and continue to shoot after Gilliam called upon him to desist. Another witness testified that, immediately after he heard certain shots fired, he saw the appellant leaving; and the appellant told him that he had "killed his wife and hoped to hell he killed Jack." The witness then went where appellant directed him and found appellant's wife dead from gun shot wounds.

We have read the record carefully, as is our custom, but refrain from writing extensively on the facts.

Able counsel for both the state and the appellant have been helpful to this court in reaching a decision in this matter.

Appellant says his case is parallel to the case before this court in Ex parte Varnado, 152 Tex. Cr. R. 456, 215 S. W. (2d) 165. In that case, the relator below testified at the hearing and told of improper relations between his wife and White, both of whom he was charged with having killed. By doing so, he put his defense in the record for this court to review. Such is not the case before us here. It will be further observed that one member of the present court saw fit to enter his dissent to the opinion granting bail in that case.

Appellant contends that, since the killings were unexplained and since the state has not shown malice, he is entitled to bail.

We have concluded that malice has been shown such as would warrant the trial court in refusing bail.

The judgment of the trial court is affirmed.