STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* WILLIAM J. NELSON, DEFENDANT AND APPELLANT.

No. 9845.
Submitted Dec. 4, 1957. Decided Feb. 20, 1958.
Rehearing Denied April 1, 1958.
322 Pac. (2d) 1113.

Sandall & Moses, Mouat & Overfelt, Lee Overfelt, Billings, Mahan & Mahan, Helena. John W. Mahan and Lee Overfelt argued orally, for appellant.

Forrest H. Anderson, Atty. Gen., William F. Crowley, Asst. Atty. Gen., Joseph E. Buley, County Atty., Billings. William F. Crowley, Asst. Atty. Gen., and Joseph E. Buley, County Atty., argued orally, for respondent.

THE HONORABLE C. B. ELWELL, District Judge, sitting for MR. JUSTICE BOTTOMLY:

The defendant in this case was convicted of the crime of

burglary in the first degree, and at the same time the jury found a charge of prior conviction true and fixed punishment by imprisonment for a term of ten years. The crime was alleged to have been committed in January of 1954. He was convicted on the same information in the court of Yellowstone County previously and appealed to this court, where the judgment was reversed and the cause remanded for a new trial. See State v. Nelson, 131 Mont. 612, 304 Pac. (2d) 1110. The case was returned for error committed in allowing the question of prior conviction to go to the jury without sufficient identification of the defendant as being the same man who suffered the prior conviction. In short, the state relied entirely upon the fact that the name of the defendant in the prior conviction was the same as the name of the defendant in this case. Upon the second trial the state produced a witness who positively identified the defendant as being the person who suffered the prior conviction in the United States District Court for the District of Montana.

It is contended that the prior conviction proven was not a ██ crime which would have been a felony under the laws of Montana. It is true that in order to make a federal offense it was necessary to charge the transporting of the stolen car across state lines, but stripped of the verbiage necessary to charge a federal offense we would call it in Montana the crime of receiving stolen property and it would be a felony.

The court is charged with having erred in refusing to grant ██ the defendant's motion to dismiss the information, which motion was based on the fact that the information was amended in a matter of substance after the defendant had entered his plea. It is true that an amendment was allowed, but such amendment was allowed prior to the first trial, that is, on March 5, 1954, and we can find no record of any objections having been made at that time, or during the course of the first trial. The amendment in question did not go to the main charge of the information, but referred to a change in the so-called

prior conviction. The prior conviction had been identified by date and by the court in which it had been pronounced, and had only a slight change in the wording of the charge on which the conviction had been secured. The defendant relies largely on the case of State v. Fisher, 79 Mont. 46, 254 Pac. 872, in which case the amendment consisted of the insertion of a charge of prior conviction which had not originally been included and which had the effect of raising the character of the crime charged in the information from that of a misdemeanor to a felony. The change in this case cannot be compared to the change or amendment which was in question in State v. Fisher. The amendment is such as would not require the dismissal of the information. Here the defendant entered his plea to the main charge of burglary in the first degree, and that has not been amended. As to the charge of prior conviction the defendant does not plead guilty or not guilty, but simply answers that he admits or denies the charge of prior conviction.

Defendant next contends that had he been allowed to change his plea and admit a prior conviction, then the record of his conviction could not have been introduced. The answer to this is that he could have changed his denial to an admission and secured that result at any time he chose. In any event the question of the prior conviction had to be properly brought to the attention of the jury to enable it to fix the penalty for the offense, and there is no merit in defendant's contention.

The defendant next contended that he should have been permitted to offer evidence in support of a motion to suppress evidence acquired by the state as a result of a search of the defendant, a search of the vehicle in the possession of the defendant at the time of his arrest, and a search of the premises of the defendant in Billings, Montana. The same question was raised upon the first trial, and the court there received evidence as to the ownership of the property in question and the defendant's companion, Josephine Siegfried, laid claim to the car and to the tools and instruments found therein. There

was also evidence that the record title to the car was in her name; that a certain article of wearing apparel, namely a jacket, belonging to the defendant had been voluntarily submitted to the State by the defendant. During these proceedings the defendant was present and had every opportunity to make any claim that he desired. This court on the first appeal ruled that the defendant was not in a position to complain because he had disclaimed any ownership or right of possession in the property, and thus waived any right to complain of the search. At the last trial the defendant offered himself as a witness, together with the salesman who sold the car, and others who could testify about it, but the trial court held properly that the question of the suppression of the evidence had been foreclosed.

As stated the defendant although present during the first trial never offered himself as a witness. Evidently proceeding at that time under the theory that it was best for his case to have his companion, Josephine Siegfried, assume ownership and possession of the property in question, he now attempts to reverse his former position and claim ownership under the theory that his arrest had been illegal and that the property was his and the seizure thereof illegal.

We have carefully gone over arguments of the defendant and find no merit therein.

The numerous objections to the instructions given and to certain offered instructions refused are found to be without merit.

We find no reversible error herein and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.