EX PARTE LUNETTA ROBERTS

No. 31,879. April 6, 1960

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

This is an appeal from an order refusing appellant bail, after indictment for murder.

The witness Brown testified that, after observing deceased's place of business closed, he went to his home to make inquiries and was informed by appellant (deceased's wife) that she did not have any idea where deceased was. He testified that on the following day he again made inquiry and received the same reply, that he became suspicious and called a friend of his, who was a sergeant of police, and reported the matter. On cross-examination by appellant's counsel, Brown stated that he first suspected appellant (deceased's wife) because he knew of the turbulence of their marriage and their proclivity for fighting

between themselves. He testified further that through the years appellant had tried on occasions to leave deceased but that deceased would seek her out and make her return to him.

Investigator Bridges testified that he talked with appellant, trying to ascertain where deceased might be found, and that she told him she had shot deceased, that she would take him and show him where the body was; that they then proceeded in his automobile, with appellant directing their course, until they arrived at a point on a rural road where he came to a halt and found the body of the deceased lying in the weeds in a ditch. The fact which distinguishes this case from those upon which appellant relies and from any other case with which we are familiar is that deceased's body had been cut completely in two. The doctor who performed the autopsy testified that deceased had died instantly from gunshot wounds but that "the backbone was completely severed from the lower portion, and it was completely jagged and kind of looked like it was chopped and jagged."

Appellant did not testify but called one witness who testified concerning acts of violence by deceased against appellant during their married life.

Appellant takes the position that this being an unexplained killing she is entitled to bail and stresses the contention that there was no proof by the state that appellant cut her husband in two. We think it would be most improbable that a jury, without some evidence to support the same, would conclude that appellant shot her husband, took his body to this rural section of the county, dumped the body in the ditch, and that thereafter some third party came along and cut the body in two. It is the sheer ferocity of the assault upon the body of deceased which supplied the showing of malice making this a non-bailable case. Ex parte Black, 157 Tex. Cr. Rep. 467, 250 S. W. 2d 224.

We have examined the cases cited by appellant with care and have concluded that they are not here controlling.

The judgment of the trial court is affirmed.