John R. Starkey, J.
This is a motion to vacate a judgment dated February 4, 1959 convicting the defendant on his own plea of guilty to attempted grand larceny in the second degree, upon an indictment charging grand larceny in the first degree, and sentencing him as a third felony offender to two to three years (Penal Law, § 1941).
As set forth by the Assistant District Attorney in his affidavit in opposition, the. motion may be summarized as follows: On November 20, 1958 the defendant offered to plead guilty to attempted grand larceny in the second degree. It was upon an agreement that, if it should ultimately appear that the plea would make him a fourth felony offender, the plea would be permitted to be withdrawn and he be permitted to plead to a misdemeanor. When he appeared for sentence on February 4, 1959, the District Attorney filed against him an information (Penal Law, § 1943) showing two' former convictions: one in New Jersey in 1951 for armed robbery and one in this court in 1955 for attempted grand larceny in the second degree. The defendant, although, admitting his identity and the fact of these convictions, claimed through his attorney that he had also been convicted in Federal court with the result that he - should be deemed and adjudicated a fourth felony offender. Nevertheless, he was adjudicated as a third offender and sentenced as afore-mentioned.
In support of the motion, he now submits documents which show that in the United States District Court for the District of New Jersey, he pleaded guilty to an indictment filed against him in the Southern District of Florida (apparently transferred for plea and sentence under rule 20 of the Federal Rules of Criminal *214 Procedure) charging him with a violation of section 2312 of title 18 of the United States Code for interstate transportation of a stolen motor vehicle and section 641 for theft of Government property. He did so plead guilty on August 9,1954. On August 19, 1954 sentence was suspended upon him and he was placed on probation for five years. However, on June 5, 1957 he was adjudicated a probation violator, the order suspending sentence was vacated and he was sentenced to a year and a day in an institution to be selected by the Attorney-G-eneral of the State of New York. Defendant alleges that as a result of these proceedings, he had actually been convicted in the Federal court prior to plea and sentence in this court, of a crime which if committed in New York would be felonious, and that for this reason since he should have been adjudicated a fourth felony offender, the agreement made when he pleaded guilty in this court should be kept.
There are two answers to this contention. The first is that the agreement was made for his protection and in order to avoid imposing upon him the mandatory 15 years to life imprisonment following an adjudication as a fourth felony offender (Penal Law, § 1942). Defendant should not be heard to object if the District Attorney chooses to waive his status as a fourth offender assuming that he is one because such waiver is an Act of Congress.
The second is that although defendant was convicted of a Federal crime, under the laws of this State that conviction cannot be counted in the sequence of convictions for the purposes of subsequent multiple punishment. It has been held that the crime of interstate transportation of a stolen vehicle has no analogy in New York and that a conviction therefor is not for a crime which if committed in New York would be a felony. (People ex rel, Goodrich v. Martin, 183 Misc. 790, affd. 268 App. Div. 1077.) Insofar as the conviction in the Federal court for theft of Government property is concerned, its applicability must be tested by the provisions of section 641 of title 18 of the United States Code which provides that: 11 Whoever * * * steals * * * any * * * thing of value of the United States * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year or both.”
The charge against the defendant in the Federal court in this aspect of the indictment did allege the value of the stolen property as being in excess of $100. However, it is at least questionable that the statute applies inasmuch as the require *215 ment of valuation is found nót in the descriptive or creating section of the statute, but in the penalty portion thereof. But even assuming that the statute may be held to have created the crime which if committed in New York would be our felony of grand larceny (see People v. Love, 305 N. Y. 722), there is still a reason why the conviction cannot be counted here. Although the defendant was ostensibly convicted of two crimes, only one sentence was imposed upon him after his adjudication of a parole violator. It cannot be determined from the records whether that sentence applied to the conviction for the transportation crime or to the conviction for the larceny crime. That is to say, he may have been sentenced for the transportation crime which is not a crime in New York, or he may have been sentenced on the larceny conviction which may be a crime in New York. Under these circumstances, it would appear that the doctrine of People v. Caracelli (309 N. Y. 853) applies.
This motion is, therefore, denied. District Attorney to enter order and serve a copy by mail upon petitioner.