Albert H. Bosch, J.
This is a motion for an order to produce the defendant before this court for the purpose of resentencing the said defendant as a third felony offender.
The basis for the defendant’s application for this order is a claim that he should be resentenced as a third felony offender, claiming that a prior Federal conviction for violation of the Dyer Act (U. S. Code, tit. 18, § 408 [1940 ed.]; now §§ 2311-2313) entered against him on October 24, 1941, in the United States District Court, Missouri, should be used to make him a third felony offender.
This defendant, together with others, was indicted on January 18, 1961, under indictment No. 1900-60, and charged with the crimes of robbery in the first degree (3 counts); grand larceny in the second degree (5 counts); assault in the second degree (3 counts); and carrying a dangerous weapon as a felony. On the same date, under indictment No. 81-61, the defendant, together with another, was indicted for the crimes of robbery in the first degree (2 counts); grand larceny in the first degree; grand larceny in the second degree; petit larceny, assault in the second degree (2 counts). This defendant was arraigned on both indictments on January 25, 1961, and, in the presence of counsel, pleaded not guilty. On February 17, 1961, on motion of the District Attorney, Indictment No. 81-61 was ordered consolidated with Indictment No. 1900-60 for purposes of plea. On the same date this defendant withdrew his former plea of not guilty and pleaded guilty before trial to robbery in the second degree under the first count of indictment No. 1900-60 to cover all counts of the consolidated indictments. On May 4, 1961, the defendant was arraigned on a prior offense information accusing him that on or about September 20, 1955, he was duly convicted upon his own confession and plea of guilty of the crime of assault in the second degree in the County Court of Queens County, and was sentenced thereupon to imprisonment in the New York City Penitentiary. The defendant admitted one prior felony conviction. Thereafter on the same date, after waiving 48 hours’ notice of sentence, the defendant was sentenced to Sing Sing State Prison for a period of 10 to 20 years as a second felony offender.
The defendant now seeks to be brought before this court for the purpose of vacating the said sentence of May 4, 1961, and to have an additional prior offense information filed against him by reason of having been convicted of violation of the Dyer Act (U. S. Code, § 408 [1940 ed.]) of the United States Code, and receiving a two-year sentence imposed under said conviction, by the United States District Court of St. Louis, Missouri, *882 on or about October 24,1941. A certified copy of the indictment and judgment and conviction is before the court. An examination of same indicates that this defendant was indicted under indictment No. 22210 in the Eastern Division of the Eastern Judicial District of the State of Missouri, United States of America, on December 8,1941, under three counts. The first two counts referred to the transportation, and causing to be transported in interstate commerce, of a certain motor vehicle. The third count accuses this defendant of having received and concealed a certain motor vehicle. Under the holding of People v. Sassone (12 N. Y. S. 2d 473 [1939]) a conviction for having received and concealed a certain motor vehicle would be a felony if committed within the State of New York under section 1308 of the Penal Law. However, under the subsequent holding of People v. Olah (300 N. Y. 96 [1949]), such a conviction in the Federal court would not necessarily be a felony in the State of New York due to the fact that the third count of the Federal indictment does not state what the value of the vehicle was at the time of the criminally receiving. However, the court is not deciding this motion on that basis.
An examination of the judgment and commitment of the District Court of the United States Eastern District of Missouri, Southeastern Division, shows on the reverse side of said judgment and commitment a notation by the United States Marshal wherein he states: “ 1 have not executed the within judgment and commitment as follows: Because the within named defendant was placed on probation by Judge Moore.” In addition, there is a memo signed by George H. Moore, United States District Judge, stating ‘ ‘ Defendant placed on probation for a period of 3 years in accordance with conditions of probation this day filed.” It therefore appears from an examination of the Federal conviction that this defendant was never imprisoned under said conviction. This defendant having only been imprisoned on the conviction of this court of September 20,1955, he could only be convicted as a second felony offender under the provisions of section 1941 of the Penal Law (People v. Shaw, 1 N Y 2d 30 [1956]). Motion is denied.