**STATE of Missouri, Respondent,**

v.

**Jesse Franklin COLLINS, Appellant.**

**No. 51237.**

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Sp. Asst. Atty. Gen., St. Louis, for respondent.

William H. Webster, Richard J. Sheehan, St. Louis, for appellant.

HOLMAN, Judge.

Defendant was charged by indictment with the unlawful sale of a narcotic drug. See §§ 195.020 and 195.200. (All statutory references are to RSMo 1959, V.A.M.S.). An information, substituted for the indictment, charged prior felony convictions under the provisions of § 556.280. A jury found defendant guilty and the court fixed his punishment at fifteen years' imprisonment.

Upon defendant's appeal to this court we found no trial errors but, because the court failed to make a required finding (imprisonment) to show that the habitual criminal statute was applicable, we reversed and remanded the case with directions to the court "to cause the defendant to be brought before it to hold a hearing on the issue of the applicability of the habitual criminal statute to defendant and if proved that, after being sentenced on his former conviction, he was either placed on probation, paroled, fined or imprisoned therefor, to pronounce sentence and judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the habitual criminal statute be found inapplicable to the defendant to grant him a new trial on all issues." State v. Collins, Mo.Sup., 383 S.W.2d 747, 752.

In accordance with our mandate the court held a hearing at which the State offered (and the court admitted) a certified copy of a judgment of the District Court of the United States for the Eastern District of Missouri (Exhibit 1) which recited that Jesse Collins had been convicted upon his plea of guilty of the crimes of possession and sale of heroin, a derivative of opium, and he was sentenced (on January 18, 1951), to five years' imprisonment on each offense with said sentences to run concurrently. Also admitted was Exhibit 2, a certificate of the Records Control Supervisor of the Federal Detention Headquarters, New York, New York, which recited the following concerning Jesse Collins: "Sentence, five years; Court, U. S. District—Eastern Missouri; Date of sentence, January 18, 1951; When received, January 25, 1951; Expiration of sentence, August 9, 1954; Discharged, August 9, 1954." A similar certified record, which was admitted, contained two photographs of the prisoner, Jesse Collins—one taken July 11, 1951, and the other July 21, 1954.

The State also offered the testimony of the arresting officer, Louis Schmidt, who testified that he had known Jesse Franklin Collins since 1948. He further testified as follows: "Q. Officer Schmidt, at the time you arrested the defendant January 30, 1963, did you question him concerning the prior convictions and prior imprisonment? A. Yes. Q. What did he say regarding that? A. Stated that he had been arrested * * * for sale and possession of nar-

cotics, and I asked him if he served any time and he stated that he had. * * * Q. Did you question the defendant regarding whether or not he had been convicted of the offense of sale and possession? A. Yes. Q. Again, for the record, what did he say regarding conviction? A. He stated he had been convicted and served time in the penitentiary, U. S. Penitentiary. Q. And that was for what offenses? A. Sale and possession of narcotics. Q. What year was that? A. 1950." And on cross-examination concerning the quoted admissions he stated: "Q. You did not inform him that he did not have to answer any questions then? A. I don't recall any advice as such. Q. You did not inform him he would be entitled to a lawyer? A. I do not recall that."

Defendant offered no evidence. At the conclusion of the hearing the trial court found beyond a reasonable doubt that "on the 18th day of January 1951, in the United States District Court for the Eastern District of Missouri, Eastern Division, the defendant was duly convicted of the offense of illegal sale of a narcotic drug, which offense, if committed in the State of Missouri, would be punishable, under the laws of the State of Missouri, by imprisonment in the penitentiary, and in accordance with said conviction was duly sentenced by said court to imprisonment in the Federal Detention Headquarters, New York, New York, for the term of five years, and was duly imprisoned in said Federal Detention Headquarters at New York, New York, aforesaid, on January 25, 1951, in accordance with said sentence [the same findings as to the offense of possession of a narcotic drug are omitted], and imprisonment of said Jesse Collins in both the said sentences was served concurrently and said Jesse Collins was duly discharged from said Federal Detention Headquarters at New York, New York, aforesaid, on August 9, 1954, and upon lawful compliance with said sentences. * * * And the court finds beyond a reasonable doubt in this case that Jesse Collins and Jesse Franklin Collins are one and the same person, and he was a person who was so convicted, duly sentenced on the convictions and duly imprisoned to serve, and was so imprisoned and discharged."

After defendant's motion for a new trial was overruled the court again sentenced defendant to imprisonment for a term of fifteen years (with allowance for all time previously served). Defendant has duly appealed from that sentence.

At the hearing defendant contended that the testimony of the officer as to the admissions of defendant concerning his prior convictions and imprisonment should not have been considered because such was in conflict with the holding in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The trial court ruled that Escobedo did not apply because the admissions did not establish a crime but related solely to past history concerning previous convictions and imprisonment. The first contention on this appeal is that the court erred in that ruling.

In Escobedo defendant had employed counsel before his arrest. After his arrest he was interrogated by the police. His request to consult with his lawyer was denied. At the request of defendant's mother the attorney went to the police station and his request to see defendant was denied. The police did not advise defendant of his right to remain silent. The court held that a confession obtained under those circumstances was in violation of the defendant's constitutional rights and was not admissible. In the case at bar defendant would have us extend the Escobedo rule by holding that no admissions may be used unless a defendant has first been advised of his right to counsel and his absolute right to remain silent. The case of People v. Dorado, Cal., 42 Cal.Rptr. 169, 398 P. 2d 361, so held in excluding a confession of guilt in regard to the offense with which that defendant was subsequently charged. A contrary holding appears in State v. Scanlon, 84 N.J.Super. 427, 202 A.2d 448.

We will not expand the Escobedo ruling beyond the facts of that case. In the case before us there was no request for an attorney and defendant made no confession of guilt as to the offense charged. He merely admitted his prior convictions and imprisonment. We rule that the fact that he was not advised as to his right to counsel and his right to remain silent did not render those statements inadmissible.

The conviction, sentence, and imprisonment of Jesse Collins was proved by State's Exhibits 1, 2, and 3. For a number of reasons hereinafter discussed defendant contends the court erred in admitting those exhibits. It is first said that there was no competent evidence to show that defendant, Jesse Franklin Collins, is the same person as the Jesse Collins referred to in the foregoing exhibits. We have held that identity of names is prima facie sufficient to establish a defendant's identity for the purpose of showing a prior conviction. State v. Reed, Mo.Sup., 298 S.W.2d 426. In the cases under consideration the first and last names are identical in each instance. The only difference is that in the instant case the middle name of defendant was used whereas no middle name appears in the federal cases.

In addition to the similarity of names there are two items which we think were sufficient to support the trial court's finding that defendant was the same person referred to in the exhibits. In the first place there is evidence that defendant admitted that he was convicted and imprisoned for sale and possession of narcotics at about the time the exhibits show that Jesse Collins was convicted and imprisoned for those offenses. Secondly, we note that Exhibit 3 contains two photographs of the Jesse Collins involved in the federal cases. We cannot compare those photographs with defendant because he did not appear in person in this court. However, this point was specifically raised in the trial court and the defendant and the photographs

were before the trial judge. In that situation we think it may be reasonably and safely assumed that the trial judge compared the two and that he would not have made the finding that Jesse Collins and Jesse Franklin Collins were one and the same person if the photographs had not appeared to have been pictures of the defendant. We rule this point against defendant.

Defendant next contends that Exhibit 1 should not have been admitted because of a discrepancy in the dates relating to the authentication thereof. The attestation of the clerk is dated December 4, 1964. A certificate of Judge Regan certifying as to the fact that the person signing the certificate was the clerk is also dated December 4, 1964. However, the certificate by the clerk to the effect that Judge Regan signed the certificate and was a judge of the U. S. District Court on December 4, 1964, was dated March 4, 1964. We think the contention is without merit. The insertion of "March" instead of "December" in the foregoing certificate was obviously a typographical error. In that connection we judicially know that Judge Regan was a judge of the U. S. District Court on December 4, 1964. In the situation here presented the trial court did not err in refusing to exclude the exhibit because of the discrepancy stated.

The next point briefed is that Exhibit 1 does not disclose that defendant was convicted of offenses which, if committed in this state, would be punishable by imprisonment in the penitentiary. While the offenses are described in said exhibit in technical terms it actually states that the offenses were unlawful sale and possession of heroin, a derivative of opium. The Missouri statute, § 195.020, makes it unlawful to sell or possess "any narcotic drug, except as authorized in this law * * *." Section 195.200 fixes the punishment for selling a narcotic drug at imprisonment for "not less than five years nor more than life," and up to twenty years' imprison-

ment for possession of such a drug. It is true, as defendant contends, that § 195.080 contains certain exemptions relating to the sale of drugs on prescription, and the retail sale of medicinal preparations containing not more than certain designated amounts of narcotic drugs. However, § 195.180 places the burden of proving those exemptions upon the defendant. Under the circumstances here presented we rule that it was not necessary for the judgments in the federal cases to contain a specific negation of the exemptions set out in § 195.080 in order for those convictions to be considered in applying the Missouri Habitual Criminal Act.

■ Defendant also contends that the court erred in admitting Exhibits 2 and 3 because no proper foundation was laid for their admission. Exhibit 2 was certified by Anthony A. Euk, Records Control Supervisor, who certified that he was "the keeper of the records and office books kept in the office of the Warden," etc. Exhibit 3 which was obtained 18 months later was certified by Howard E. Franciscus, Acting Warden, "the official custodian of the records," etc. Both Euk and Franciscus swore to their certification before a notary public and each instrument had the seal of the Bureau of Prisons affixed thereon. It is true, as defendant contends, that these exhibits were not authenticated in the manner provided in § 1739 of 28 U.S.C.A. However, as we said in State v. Young, Mo. Sup., 366 S.W.2d 386, 388, "the federal statute does not prescribe the only basis for the admission in evidence of documents, and a state may by statute provide that in its own courts documents shall be admissible as evidence when attested or authenticated in a prescribed method which may be less formal than that required by the federal law, if such method does not exclude documents authenticated as prescribed by the federal act." Our applicable statute is § 490.220 which provides that "[a]ll records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a

court, shall be evidence in this state, if attested by the keeper of said record or books, and the seal of his office, if there be a seal." We think the exhibits in question clearly comply with the requirements of § 490.220 and we accordingly rule that the court did not err in admitting them in evidence.

■ During the cross-examination of Officer Schmidt defendant's attorney brought out that the officer had reported defendant's admissions as to prior convictions and imprisonment on an "alibi sheet" which he sent to the office of the circuit attorney. The court denied Mr. Webster's request to examine that paper. Defendant now asserts that said ruling constituted error. He concedes that the point was not specifically raised in the motion for new trial but requests that we consider it under S.Ct. Rule 27.20(c), V.A.M.R. We have considered the request but have concluded that the ruling was not plain error which resulted in manifest injustice and hence we will not rule the merits of the contention.

■ There is no merit in the contention that the court erred in finding that defendant had been convicted and imprisoned on two prior felony convictions. Defendant says it is not clear from a reading of Exhibits 1, 2, and 3 that more than one offense was involved. A finding of one felony is sufficient to make our Habitual Criminal Act applicable. However, the aforementioned exhibits clearly show that defendant was convicted, sentenced and imprisoned on the two felonies (charged in Counts I and II of the information) of sale and possession of narcotics. The court was warranted in finding the facts relating to both felonies, as heretofore set out.

■ The final contention is that the findings of the trial court are against the weight of the competent, credible evidence. As we have previously indicated, we have concluded that the evidence was sufficient to support a finding beyond a reasonable doubt that defendant had been convicted of

two prior felonies and imprisoned thereon. We accordingly rule that the provisions of § 556.280 were properly applied in this case and hence the court did not err in fixing the punishment and resentencing the defendant rather than granting defendant a new trial on all issues.

The judgment is affirmed.

All concur.