**Jesse Franklin COLLINS, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary.**

**No. 71 C 421(2).**

United States District Court, E. D. Missouri, E. D.

Sept. 15, 1971.

---

Jesse Franklin Collins, pro se.

John C. Danforth, Atty. Gen., State of Missouri, Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

Petitioner, charged with the unlawful sale of a narcotic drug on January 7, 1963, was convicted of that offense in the Circuit Court of the City of St. Louis, Missouri, and thereafter on June 14, 1963, sentenced under the Missouri Habitual Criminal Statute to a term of 15 years imprisonment. Under that statute, when applicable, punishment is assessed by the Court rather than by the jury which has determined the defendant's guilt.

The petition for a writ of habeas corpus, transferred to this Court from the

Western District of Missouri, alleges that Missouri "illegally" applied its Habitual Criminal Statute to enhance petitioner's punishment and to deprive him of a trial by jury on the issue of punishment. Petitioner has exhausted his state remedies on this allegation. State v. Collins, Mo., 394 S.W.2d 368. And see State v. Collins, Mo., 383 S.W.2d 747. The state court record has been filed in this Court pursuant to our order to show cause.

■ Section 556.280 R.S.Mo. V.A.M.S. (the Habitual Criminal Act), by virtue of the companion Section 556.290, is applicable if the defendant was theretofore convicted in another jurisdiction of an offense which, if committed in Missouri, would be punishable by imprisonment in the penitentiary. The statute covers prior convictions in federal courts. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 330. In January, 1951, petitioner had been convicted in this Court of the offenses of unlawfully selling and possessing heroin, a derivative of opium, in violation of former Sections 3224 and 2554, 26 U.S.C., and was sentenced to concurrent terms of 5 years imprisonment.

■■ Petitioner's sole contention is that the language of Section 556.280 is not reasonably susceptible to the construction placed upon it by the Missouri courts. Specifically, he argues that the purpose of the federal statutes was to safeguard the revenues, and since Missouri has no law making the failure to procure a tax stamp or to obtain the written order of the transferee on a form issued by the Secretary of the Treasury, integral parts of his federal offense of possessing and selling opium, his federal convictions could not be properly utilized as prior convictions. A subsidiary contention is that the Missouri statute relating to the sale of narcotics has certain exemptions, one of which relates to the quantity of the drug, and there is nothing in the record of petitioner's federal convictions as introduced in the evidence in the state court which discloses the quantity of heroin sold or possessed by petitioner.

In situations in which the commission of a prior offense is pertinent to the assessment of punishment, Missouri has taken from the jury its state-granted authority to assess punishment and has conferred such authority solely upon the trial judge. However, we note that nothing in Section 556.280, as it now reads and as it read at the time petitioner was sentenced, requires that the punishment of a second offender be "enhanced." Rather, it simply provides that the defendant shall "receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted."

What is really involved in this case is nothing more nor less than the construction or interpretation of the Missouri statutes. The Supreme Court of Missouri held on petitioner's direct appeals that prior federal narcotic convictions came within the purview of the Missouri Habitual Criminal Act and sustained the action of the trial court in assessing petitioner's punishment.

■ It is well settled that the interpretation of a state statute by the highest court of the state is binding on the federal courts except only in those rare situations in which the interpretation "is inconsistent with the fundamentals of liberty and justice." Chavez v. Baker, 10 Cir., 399 F.2d 943; McMichaels v. Hancock, 1 Cir., 428 F.2d 1222, 1223; Sturm v. California Adult Authority, 9 Cir., 395 F.2d 446, 448. We see no such inconsistency in the instant case as to present a constitutional question.

■ What the Missouri Supreme Court held, in effect, was that the federal offenses of unlawful possession and unlawful sales of a derivative of opium were "sufficiently similar in nature and purpose" to the Missouri offense to bring them within the language and object of the Habitual Criminal Act, even though the *reason* the possession and the sales were unlawful under federal law as

it read in 1951 derived from petitioner's failure to make the sales in pursuance of the required written order in the one case and the failure to register and pay the special tax in the other. We note in passing that in referring to the offenses of which petitioner was convicted in this court, the federal courts themselves speak of them as "unlawful possession" of heroin or "unlawful sales" thereof. See for example, Worthem v. United States, 8 Cir., 298 F.2d 814.

A comparable situation was ruled in Johnstone v. Swenson, 8 Cir., 363 F.2d 643, 645, in which it was held that a Dyer Act conviction had "sufficient equivalence to one under the Missouri statute (relating to stealing) to be entitled to application under the Missouri Habitual Criminal Act," and this, even in the absence of a definitive ruling by the Missouri Supreme Court.

Wholly apart from the foregoing, a mere reading of the Missouri penalty statute, Section 195.200, under which petitioner was sentenced demonstrates the complete absence of any harm to petitioner as well as the absence of any constitutional question. Subsection 1(5) of Section 195.200 provides that for the offense of selling any narcotic drug to a person "if the offender has previously been convicted of any felony violation of the laws * * * of the United States * * * relating to narcotic drugs," the person committing such offense is punishable by imprisonment for a term of not less than ten years nor more than life imprisonment. And subsection 2 of Section 195.200 provides that if any person is to be punished under the provisions of subsection 1(5) "the duty devolves upon the *court* to affix the term of imprisonment." Hence, petitioner having been previously convicted of a felony violation of the laws of the United States "relating to narcotic drugs," it became and was the duty of the trial court under the Missouri statute to affix the term of imprisonment, as it did. And the term of 15 years so assessed is well within the statutory limit of 10 years to life imprisonment.

Upon a consideration of the whole record, we find no violation of any constitutional rights of petitioner on the sole issue presented by his petition. No evidentiary hearing is required. The petition for a writ of habeas corpus should be and it is hereby denied.