James L. GOODWIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16169.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1971.

Rehearing Denied Jan. 25, 1972.

Robert T. Keel, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

James L. Goodwin, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pontotoc County, Oklahoma for the offense of Knowingly Concealing Stolen Property, After Former Conviction of a Felony. Punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that H. A. McFarland, Jr. was a partner in a retail television and appliance store in Ada, Oklahoma. He testified that on the 25th day of June, 1969, when he opened the store for business, he discovered that the back door had been torn off. It was subsequently discovered that three portable televisions and one portable black and white television were missing. He identified State's Exhibits One, Two, and Three by serial number as those taken from his store.

John Ferguson, an employe of the Frisco Railroad, testified that on or about the 26th or 27th day of June, 1969, he was in Peg's Cafe, and talked to the defendant. They had a conversation concerning a colored television set. Defendant later brought a portable color television set to Ferguson's house, and was paid $150.00 by check. He testified that Exhibits One, Two, and Three were the same type television set as he had received from the defendant. He testified that approximately one month after the purchase that he turned the television set to the Ada Police Department.

Lewis Darnell, a brakeman for the Frisco Railroad, testified that he had a conversation with the defendant on approximately the 28th day of June, 1969 concerning a television set. The defendant asked him if he would be interested in a color television for $150.00. The defendant brought a television set to his trailer on approximately June 30, 1969, wherein the witness paid the defendant $150.00 by check. He subsequently turned the television set to Bill Robinett, a special agent for the Frisco Railroad.

Harold Woffard testified that he also was employed by the Frisco Railroad, and that on the 4th or 5th day of July, 1969, he had a conversation with the defendant concerning a television set. He subsequently purchased a television set from the defendant for $150.00, which he paid by check. The television set was subsequently turned over to the authorities.

Detective Cranford, of the Ada, Oklahoma Police Department, testified that in the latter part of August, 1969, John Ferguson and a special agent for the Frisco Railroad Company, brought a color television set to the Police Station. He identified State's Exhibit Three as the television set that Ferguson brought to the office. He testified that he went to Sherman, Texas and consulted with Agent Robinett of the Frisco Railroad, and picked up State's Exhibit Number Two from Robinett.

Gene Lambert, Criminal Investigator for the Grayson County, Texas Sheriff's Office, testified that on August 23, 1969, that he obtained State's Exhibit Number One from Harold Woffard. The defendant called the District Attorney, Gordon Melson, who

testified that no deals had been made with the witnesses who purchased the television sets from the defendant, with the exception that the witness, Woffard, was granted immunity at his request.

The defendant did not testify, nor was any additional evidence offered in his behalf.

The first proposition asserts that the defendant was not afforded a Preliminary Hearing as provided by the Constitution of the State of Oklahoma. The Record reflects that the defendant first appeared with his counsel on September 25, 1969, and entered a plea of "not guilty." He also requested a Preliminary Hearing, which was set for October 14, 1969, at 10:00 o'clock a. m. The Record further reflects that praecipes and subpoenas were issued on October 10, 1969, and on October 14, 1969, the defendant appeared with his attorney, Robert Macy, and after being fully advised in the premises, waived Preliminary Hearing. The defendant appeared in person, and by his newly retained attorney, on December 17, 1969, entered a plea of not guilty, reserving the right to file certain motions. On the day of trial, April 24, 1970, defendant filed a motion to remand for Preliminary Hearing, which was overruled by the trial court. Defendant in his Brief states:

"The undersigned who filed the two motions seeking a preliminary hearing was not aware the State had charged the appellant with a prior conviction until two days before trial. At the arraignment on December 17, 1969, the information was not read by the District Attorney and was not waived."

The Record reflects that at the defendant's arraignment on December 17, 1969, that the Information was read by the Assistant District Attorney. The Record further shows that the sole amendment to the Information was made on the day of trial, wherein the State was permitted to amend the number of television sets from four to three. Article 2, Section 17, of the Oklahoma Constitution provides in pertinent part, as follows:

"* * * No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, *or having waived such preliminary examination.* * * *"

■ We are of the opinion that the defendant with counsel, and after being advised of the premises therein, effectively waived his right to a Preliminary Hearing, and further, that his request that the case be remanded for a Preliminary Hearing was not timely filed on the day set for his jury trial. We, therefore, find this proposition to be without merit.

■ The next proposition contends that the trial court erred in giving its Instruction Number Three. The Instruction to which the defendant objects was as follows:

"The statutes of the state of Oklahoma provides:

"Every person who conceals, withholds, or aids in concealing or withholding from the owner any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretenses or robbery, knowingly or having reasonable cause to believe the same to have been stolen, embezzled or obtained by false pretenses or robbery, is guilty of a felony."

Defendant cites Payne v. State, Okl.Cr., 435 P.2d 424, in which we held that the statutory presumption of 21 O.S.Supp.1961, § 1713, that a person in possession of stolen property who knew it to have been stolen, was arbitrary and unconstitutional. The defendant argues that Instruction Number Three, as given by the trial court, attempts to reinsert the presumption through the back door. The Record reflects that the defendant did not specifically object to Instruction Number Three, but rather objected to Instruction Numbers Four and Five. The Record further reflects that no requested Instructions were submitted by the defendant. (Tr. 86) We have consistently held that where counsel is not satisfied with the Instructions that are given, or desires the court to give any particular Instructions, or

to more definitely or sufficiently state any propositions embraced in the Instructions, it is the duty of counsel to prepare and to present to the court such desired Instructions, and to request that they be given. In the absence of such a request, the Court of Criminal Appeals will not reverse the case if the Instructions generally cover the subject matter of inquiry. Schapansky v. State, Okl.Cr., 478 P.2d 912. We are of the opinion that the Instructions generally cover the subject matter of inquiry, and we, therefore, find this proposition to be without merit.

■ The final proposition asserts that the trial court erred in submitting the "After Former Conviction of a Felony" to the jury. This proposition is well-taken in that the previous convictions relied upon by the State of Oklahoma involve two counts of interstate transportation of a motor vehicle in the United States District Court for the Eastern District of Texas.

■ In the · recent case of Fischer v. State, Okl.Cr., 483 P.2d 1165, Judge Nix stated:

> "Accordingly, a foreign conviction may be employed under the Oklahoma subsequent offender statute if the foreign conviction is an offense 'which, if committed within this State would be punishable by the laws of this State by imprisonment in the penitentiary.' It is the characterization under Oklahoma law which is determinable as to whether or not the foreign offense would be a pentitentiary offense in Oklahoma. * * *
>
> " * * *
>
> "It is apparent that Oklahoma does not make interstate transportation of a forged check a criminal offense. Thus, defendant's convictions in federal court did not state an offense 'punishable by the laws of this state by imprisonment in the penitentiary.' Accordingly, defendant's objection to the admission of the federal convictions was improperly overruled."

We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of three (3) years

imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT and NIX, JJ., concur.