**David GOUGE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17214.**

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Rehearing Denied May 8, 1972.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Gouge, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Forgery in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Ruben Bernal testified that he was a co-defendant in the case, and had entered a plea of guilty, but had not yet been sentenced. He had not been promised anything to plead guilty or to testify. He identified State's Exhibit Number One as a check of the Ed Carter Insurance Agency, payable to Thomas Lowe. He first observed the check on May 15, 1971, at Martha Butler's house. Defendant filled out the check with a typewriter in the amount of One Hundred Fifteen Dollars ($115.00), and the check was signed by Martha Butler. The three took the check to Brannon's Supermarket to get it cashed.

Martha and the defendant waited outside while Bernal entered the store to cash the check. He was arrested by the police in the store. He identified Exhibit Two as a rental contract by which he and the defendant rented a typewriter from A & B Rentals, and Exhibits Three and Four as rental contracts for the typewriter from the same company on two subsequent occasions.

Martha Butler testified that on May 15, she signed the names "Bill Stein" and "Ed Carter" to State's Exhibit Number One. She drove Bernal and the defendant to the Brannon's Store, and Bernal entered the store. She and the defendant drove around, awaiting Bernal's return, and were stopped by officers who already had Bernal in custody. She testified that she was a co-defendant in the case, and had previously entered a plea of guilty, but had not been sentenced, and had not been promised anything to plead guilty or to testify. She identified a typewriter which she had rented for the defendant and Bernal that she observed the defendant using to write some checks.

Dale Dousett testified that he was a cashier at Brannon's Grocery Store, and that on May 15, 1971, Bernal, identifying himself as Thomas Lowe, handed him a check, State's Exhibit Number One, to cash. The police officers were called and Bernal was arrested in the store.

E. F. Bob White testified that he operated A & B Rental Store, and identified State's Exhibit Number Four as an Olivetti typewriter that he rented on three different occasions, May 10, to Bernal and the defendant, who both signed the contract, on the 14th to Martha Butler, and on the 16th, to Bernal, alias Thomas Lowe.

Officer Cain testified that he arrested Bernal on the day in question in Brannon's Store, and shortly afterward, arrested the defendant and Martha Butler in a car outside. He took a handwriting sample, State's Exhibit Six, from the defendant, and from Martha Butler, State's Exhibit Seven.

Ed Carter testified that he was an insurance agent, and identified State's Exhibit One as a check from a series that had been stolen from his office. He testified that the signature on State's Exhibit One was unauthorized.

Ernie Smith testified that he was a Questioned Document Examiner for the Oklahoma Bureau of Investigation, and had compared the typing on State's Exhibit Number One with typewriting samples taken from State's Exhibit Four, the Olivetti typewriter. In his opinion, the same machine made both typewriting impressions. He also compared the signature of David A. Gouge appearing on the rental contract, State's Exhibit Two, with the known handwriting specimen of the defendant, State's Exhibit Six, and in his opinion, the person who wrote State's Exhibit Number Six also wrote the name "David A. Gouge," appearing on the bottom of the rental contract.

The defendant did not testify, nor was any evidence offered in his behalf.

 The first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the punishment is excessive. This proposition is well-taken, in that the three of the four previous convictions relied upon by the State involved three counts of interstate transportation of forged securities in the United States District Court for the Western District of Oklahoma. In the recent case of Fischer v. State, Okl.Cr., 483 P.2d 1165, Judge Nix stated:

"It is apparent that Oklahoma does not make interstate transportation of a forged check a criminal offense. Thus, defendant's convictions in federal court did not state an offense 'punishable

by the laws of this state by imprisonment in the penitentiary.' Accordingly, defendant's objection to the admission of the federal convictions was improperly overruled."

The judgment and sentence is accordingly modified to a term of fifteen (15) years imprisonment, and as so modified, the judgment and sentence is affirmed.

Rehearing Denied May 8, 1972.