[No. 1462-1.    Division One—Panel 1.    April 16, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN N. WAIT, *Appellant*.

*Stock & Welch, Inc., P.S.,* and *Eugene A. Stock,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf, Deputy,* for respondent.

SWANSON, C.J.—John N. Wait appeals from a judgment

and sentence to life imprisonment entered February 4, 1972, following jury verdicts of guilty on two counts of armed robbery and a jury finding that appellant is an habitual criminal.

Appellant was brought to trial commencing November 3, 1971, on two counts of robbery. On November 5, 1971, the jury returned a verdict of guilty and a special verdict that defendant was armed in the commission of each of the robberies. On January 18, 1972, an amended supplemental information was filed alleging the appellant to be an habitual criminal within the meaning of RCW 9.92.090; a jury trial was held in the matter on January 21, 1972, at the conclusion of which the appellant was found to be an habitual criminal. Thereafter, on February 4, 1972, judgment and sentence were entered against the appellant. This appeal followed.

The bulk of the appellant's 21 assignments of error relate to various aspects of his trial on the charge of being an habitual criminal; however, we shall first resolve the issues presented by the assignments of error relating to the original trial involving two counts of armed robbery.

Appellant first contends that the trial court erred in denying his motion at the end of the state's case to dismiss count 1 of the information charging that appellant was the perpetrator of the robbery on June 9, 1971, of Jim's Western Apparel store in Lynnwood, Washington. The motion was based upon the fact that the state had presented two eyewitnesses to the robbery who gave conflicting testimony in the course of identifying the appellant as the robber. Although both identified appellant at trial and both had previously selected his photograph from a set of 11, only one had been able to identify the appellant at a lineup, while the other was unsure. Appellant urges that the conflicting identification testimony constitutes, as a matter of law, reasonable doubt that he was the culprit. Appellant makes the same argument in support of his claim that the trial court erred in denying his motion for a directed ver-

dict of acquittal at the conclusion of the trial. He points out that an eyewitness called on behalf of the defense admitted that he selected a subject other than the appellant at the lineup. Appellant's claims of error on this ground are without merit. Except when constitutional standards, such as those relating to due process are violated, an appellate court may not usurp the function of the jury to evaluate the reliability of identification testimony. *See State v. Nettles*, 81 Wn.2d 205, 500 P.2d 752 (1972); *State v. Cantrell*, 81 Wn.2d 213, 500 P.2d 777 (1972).

Appellant also assigns error to the failure of the trial court to grant his motion for a directed verdict of acquittal on count 2, involving the robbery on June 16, 1971, of Tom's Superette in Everett, Washington. In addition, he assigns error to the trial court's entry of judgment and sentence following the jury's verdict on both counts of armed robbery, and to the failure of the trial court to grant a new trial. Each of these assignments of error is based upon appellant's contention that the state did not introduce sufficient evidence to establish a prima facie case against the appellant, and therefore the jury verdict was not based upon substantial evidence. We disagree. Suffice it to say that we have carefully reviewed the record and are satisfied that it meets the requisite standards to support appellant's conviction. *See State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

We turn now to a consideration of the validity of the jury's determination that the appellant is an habitual criminal. In this connection, we must uphold the trial court's imposition of a life sentence unless the record fails to demonstrate that appellant is a person convicted of a felony "who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony . . ." RCW 9.92.090. The record contains evidence introduced and admitted to prove that appellant previously has been convicted of a felony in Yakima County Superior Court in 1966, and to prove that appellant also has been convicted in

federal court in 1964 of violating the Dyer Act, 18 U.S.C. § 2312 which makes it a crime to transport a motor vehicle in interstate commerce, knowing it to have been stolen.

Considering the Yakima conviction first, we note that appellant objects to the admission of exhibit No. 7, which is a copy of a judgment and sentence entered on July 25, 1966, against the appellant on the charge of second-degree robbery in Yakima County Superior Court, on the ground that it fails to show either that the appellant was represented by counsel or had intelligently waived counsel at that proceeding. An examination of the exhibit indicates this is not so, inasmuch as the exhibit clearly indicates that the appellant had waived counsel. Appellant makes the further objection to exhibit No. 7 on the ground that the conviction date indicated therein did not correspond to that alleged in the supplemental information, whereupon the trial judge allowed the state to amend the information in a manner consistent with the exhibit. Inasmuch as appellant made no showing that he was prejudiced by such amendment, there was no reversible error. *State v. Richards*, 3 Wn. App. 382, 475 P.2d 313 (1970). Appellant's objections to exhibit 7 are without merit. The record, including exhibit No. 7, is sufficient to prove the Yakima conviction.

Directing our attention to the proof of appellant's conviction in federal court under the Dyer Act, we observe that appellant first objects to identity testimony by the state's witness, Deputy U. S. Marshal Daniel Donovan, linking the appellant to various documents pertaining to that conviction. Although on cross-examination appellant's defense counsel raised some question about the reliability of Donovan's identification, we are satisfied from a review of the record that any uncertainty did not affect the admissibility of the testimony, but only its weight which properly was resolved by the jury. The trial court correctly denied appellant's motion to suppress Donovan's testimony.

Appellant next challenges the validity of characterizing his conviction under the Dyer Act as a previous conviction

for purposes of the habitual criminal statute, RCW 9.92.090. *See State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968). In this connection, appellant objects to the second part of instruction No. 5 which is set forth in his brief as follows:

> That the crime of interstate transportation of a stolen vehicle, of which the defendant is alleged to have been convicted on the 2nd day of October, 1964, in the County of Yakima, State of Washington, amounted to a felony at that time and at all times since under the laws of the State of Washington.

Appellant argues that this instruction should not have been given because there was no statutory authority or other evidence offered to prove that appellant's conviction under the Dyer Act constitutes his conviction of a "crime which under the laws of this state would amount to a felony . . ." RCW 9.92.090. The record indicates that the trial judge, without objection by appellant's defense counsel, considered a copy of the relevant portion of the Dyer Act, 18 U.S.C. § 2312, which provides:

> Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

In ruling on appellant's objection, the trial court stated:

> I think, on the showing of the Code, I am satisfied that transferring a stolen car in interstate commerce is a felony, and Paragraph 2 of Instruction 5, under the evidence, is appropriate.

Although appellant asserts in his brief that the trial court erred in making this ruling, he makes little argument and cites no authority in support of his position. As the state points out in its brief, our state Supreme Court, in *State v. Brewer, supra,* left unresolved the underlying question of whether or not a conviction under the previously quoted section of the Dyer Act could be "properly categorized as a previous conviction under the habitual criminal statute of this state." *Brewer,* 73 Wn.2d at 66.

■■ At the outset, we recognize that a statute such as

the state habitual criminal statute, RCW 9.92.090, has as its sole purpose the enhancement of punishment for second or subsequent convictions of crime which is a purely penal purpose, and, therefore, it must be strictly construed. *See State v. Bryant,* 73 Wn.2d 168, 437 P.2d 398 (1968); *Gessman v. State,* 500 P.2d 1092 (Okla. Crim. 1972). At the same time, however, we note that there is a division of authority in the country on the question of whether a conviction under the Dyer Act, specifically, 18 U.S.C. § 2312, amounts to a prior felony conviction for purposes of state habitual criminal statutes. *See generally* Annot., 19 A.L.R.2d 227, § 9 (1951). On the one hand are the courts who reason that the gist of the offense prohibited by 18 U.S.C. § 2312 is the *transportation in interstate commerce* of stolen property, rather than the *theft or larceny* of the property, *Puckett v. Ellis,* 157 F. Supp. 923 (E.D. Tex. 1958), and that the interstate commerce element of the federal offense prevents it from amounting to a state felony. *Goodwin v. State,* 492 P.2d 1117 (Okla. Crim. 1972); *Landreth v. Gladden,* 213 Ore. 205, 324 P.2d 475 (1958); *People ex rel. Goodrich v. Martin,* 183 Misc. 790, 50 N.Y.S.2d 388, *aff'd,* 268 App. Div. 1077, 53 N.Y.S.2d 533 (1945); *People v. Lohr,* 28 Cal. App. 2d 397, 82 P.2d 615 (1938). *See Gouge v. State,* 496 P.2d 399 (Okla. Crim. 1972); *Ex parte Roberts,* 169 Tex. Crim. 311, 334 S.W.2d 171 (1960); *Bowling v. State,* 229 Ark. 876, 318 S.W.2d 808 (1958).

On the other hand, there are jurisdictions in which it has been concluded that the applicable state law does allow consideration of a prior conviction under 18 U.S.C. § 2312 for purposes of the state habitual criminal statute, either because the particular state's law specifically includes federal violations, *State v. Calvin,* 244 Ore. 402, 418 P.2d 821 (1966), or because the state law makes it a felony to commit a crime included within the federal offense. *Johnstone v. Swenson,* 363 F.2d 643 (8th Cir. 1966); *State v. Nelson,* 133 Mont. 300, 322 P.2d 1113 (1958). *See People v. Cunningham,* 32 App. Div. 2d 974, 301 N.Y.S.2d 703 (1969);

*People v. Iorio,* 31 Misc. 2d 880, 221 N.Y.S.2d 788 (1961); *Ex parte Puckett,* 165 Tex. Crim. 605, 310 S.W.2d 117 (1958). We believe these latter authorities state a general rule, properly applicable to the case at bar, that a previous conviction under a federal statute may be used for purposes of a state habitual criminal act so long as elements sufficient to amount to a state felony were included within the federal offense and thereby necessarily were proven beyond a reasonable doubt. *In re Caffey,* 68 Cal. 2d 762, 441 P.2d 933, 69 Cal. Rptr. 93 (1968); *State v. Collins,* 394 S.W.2d 368 (Mo. 1965); *see Collins v. Swenson,* 331 F. Supp. 1109 (E.D. Mo. 1971); *People v. Serrano,* 13 App. Div. 2d 549, 213 N.Y.S.2d 112 (1961). Although it has not previously been applied in the context of the Dyer Act, this rule has been recognized in Washington. *State v. Roberts,* 151 Wash. 61, 275 P. 60 (1929).

In *Roberts,* our state Supreme Court held that a federal felony conviction of impersonating an officer and thereby fraudulently obtaining something of value could *not* be used for purposes of the state habitual criminal statute because a conviction under the federal law did not require proof beyond a reasonable doubt that the defendant fraudulently obtained more than $25, the minimum sum required for the crime to amount to felony under state law. The court said at page 66:

> To support the Federal judgment, as we have already seen, it was only necessary that there should be proof that the accused impersonated an officer, as charged, and that, while doing so, he demanded or received something of value, but we may not from that judgment assume that the thing so received amounted in value to more than $25.

> We are therefore forced to the conclusion that the charge of conviction in the Federal court does not amount, in law, to a charge that the crime of which appellant was so convicted amounts to a felony under our law.

In other words, as the court noted at page 65:

> If the judgment of the Federal court actually showed

that the appellant had there been convicted of so receiving a sum in excess of $25, the conviction would amount to a felony under our larceny statute . . .

The rule applied is the same utilized to judge whether a conviction in another state is a crime "which under the laws of this state would amount to a felony." RCW 9.92.090. The test is whether the indictment or information under which one is convicted in a foreign jurisdiction states facts sufficient to amount to the minimum elements of a felony in this state. *State v. Furth*, 5 Wn.2d 1, 104 P.2d 925 (1940); *State v. Stephens*, 7 Wn. App. 569, 500 P.2d 1262 (1972).

■ Applying this test to appellant's conviction under the Dyer Act, we note that the four essential elements of the offense prohibited by 18 U.S.C. § 2312 are (1) that the motor vehicle had been stolen; (2) that the motor vehicle was transported in interstate commerce; (3) that the defendant knew the motor vehicle had been stolen; and (4) that the defendant transported the motor vehicle with dishonest intent. *See generally* Annot., 56 A.L.R.2d 1309 (1957). Absent the element of transportation in interstate commerce, it is apparent that sufficient elements were proven beyond a reasonable doubt to amount to a felony in our state under RCW 9.54.020, which provides, in relevant part:

Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle . . . shall be deemed guilty of a felony . . .

In this connection we note that proof of common-law larceny is not an essential element of the offense proscribed by RCW 9.54.020, *State v. Saylors*, 70 Wn.2d 7, 422 P.2d 477 (1966); *State v. Nelson*, 63 Wn.2d 188, 386 P.2d 142 (1963), but neither is it an essential element of 18 U.S.C. § 2312, *United States v. Turley*, 352 U.S. 407, 1 L. Ed. 2d 430, 77 S. Ct. 397, 56 A.L.R.2d 1300 (1957). As the Supreme Court said in *Turley* at page 417:

"Stolen" as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner

of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny.

The element of "dishonest intent" appears on the face of RCW 9.54.020, and the element of "knowledge" that the motor vehicle was "stolen" may be inferred from the statutory characterization of a taking "without the permission of the owner . . ." *State v. Robinson*, 78 Wn.2d 479, 475 P.2d 560 (1970). We hold that proof of appellant's conviction under 18 U.S.C. § 2312 necessarily proves that appellant committed a crime which would amount to a felony under the laws of this state, specifically RCW 9.54.020, and therefore may be considered as a prior conviction for purposes of the state habitual criminal statute, RCW 9.92.090.

Appellant also assigns error to the admission of various documentary exhibits introduced by the state to establish that he was convicted of a crime in the state of Utah amounting to a felony in this state for purposes of RCW 9.92.090. In view of our holding that the Yakima County robbery and federal Dyer Act convictions were properly proven, we do not reach the question of the sufficiency of the challenged exhibits to prove the Utah conviction.

Finally, insofar as appellant's remaining assignments of error are not disposed of by this opinion, we have carefully reviewed them and have determined them to be without merit.

For the reasons indicated herein, there was no error in appellant's conviction on two counts of armed robbery, and in view of our conclusion that the state has proved the appellant was twice previously convicted of a crime amounting to a felony in this state, there was no reversible error in the supplemental proceeding in which appellant was found to be an habitual criminal.

The judgment is affirmed.

FARRIS and JAMES, JJ., concur.

Petition for rehearing denied July 17, 1973.

Review denied by Supreme Court September 25, 1973.