[No. 21463. *En Banc.* February 23, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY ROBERTS, *Appellant*.[1]

---

[1] Reported in 275 Pac. 60.

 ██ 

*Wesley Lloyd* and *Frank P. Christensen,* for appellant.

*W. J. Milroy* and *Leonard E. Top,* for respondent.

TOLMAN, J.—Appellant was convicted in the trial court of the crime of burglary in the second degree. After verdict and before sentence, the prosecuting attorney filed an information against him, charging him with being an habitual criminal under the laws of this state. The information charges three prior convictions, including the conviction immediately preceding the filing of the habitual criminal charge. Two are convictions of felonies in the superior court for Thurston county, and are not questioned here. The other conviction charged was had in the District Court of the United States for the Western Division of Washington, the allegation being—

" . . . was duly and regularly convicted of the crime of impersonating an officer, and as such demanding and obtaining from another person the sum of two hundred and thirty dollars ($230), lawful money of the United States, the same being then and now a felony under the laws of the state of Washington."

A demurrer to the information was interposed and overruled. A plea of not guilty was entered, the case proceeded to trial and a verdict against the appellant was duly returned.

The state, as a part of its case, introduced in evidence certified copies of the indictment, the verdict of the jury and the judgment in the Federal court, the charging part of the indictment being as follows:

"That on or about the 19th day of October, in the year of our Lord, 1922, at a roadhouse store on the Olympic Highway, about nine miles west of Olympia,

in Thurston county, in the state of Washington, and in the southern division of the western district of Washington, and within the jurisdiction of this court, Henry Roberts and Pat Sway and each of them, then and there being, then and there knowingly, wilfully, unlawfully and feloniously and with intent then and there to defraud one William Countryman out of the sum of Two Hundred Dollars ($200) in money, did falsely assume and pretend to him, said Countryman, that they, the said Henry Roberts and Pat Sway, and each of them, were then and there officers and employees acting under the authority of the United States and of the treasury department thereof, to wit: Federal prohibition agents, and did then and there in said pretended character in manner and form and with the intent aforesaid, demand and obtain from him, the said William Countryman, the amount of $200 in lawful money of the United States, a more particular description of which is to the grand jurors unknown, the same then and there being of the value of $200, they, the said Henry Roberts and Pat Sway, and each of them, not then being officers or employees acting under the authority of the United States or any department thereof or any officers of the government thereof; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America.''

The second count in the Federal indictment is identical in form and substance with the count just quoted, except that it charges the defendants in like manner and under like circumstances, on a different date, with demanding and receiving from different persons the sum of $30. The verdict in the Federal court was guilty as charged on each count, and the judgment of the Federal court was to the effect that the appellant was guilty of violation of § 32, P. C., and that he be sentenced to imprisonment in the United States penitentiary at McNeil Island, Washington, for the period of eighteen months on each count, the sentences to run

concurrently from and after the date of the judgment, which was February 28, 1923.

The statute upon which the present information is founded, so far as here material, is Rem. Comp. Stat., § 2286, which reads:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

The errors assigned here are to the effect that the trial court erred in overruling the demurrer to the information, and in sentencing the appellant to life imprisonment, because the conviction was based upon the charge of a conviction in the Federal court of a crime which, under the laws of this state, would not amount to a felony; and that, in fact and in law, the judgment or conviction, in the Federal court, of violating § 32, P. C., even as aided by the information and verdict, does not show the conviction of an offense which would amount to a felony under our laws.

■ It is conceded that 35 U. S. Stat. at Large, p. 1095, § 32, defines what is a felony under the Federal laws, but does it define a felony under our laws? The Federal statute reads:

"Whoever, with the intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States or any department, or any officer of the government thereof, and shall take upon himself to act as such or shall in such pretended

character demand or obtain from any person, or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing, shall be fined not more than one thousand dollars, or imprisoned not more than three years, or both.''

It is apparent, from the statute quoted, that the gravamen of the offense thereunder consists in falsely impersonating an officer, with intent to defraud, and that, while so impersonating an officer, to ''demand or obtain . . . any money, paper, document or other valuable thing,'' is the offense covered. A jury, if satisfied that the person charged had demanded or had obtained any such thing of value, though of a very minor value, would render a verdict of guilty as charged, although the indictment actually charged a much larger sum than was substantiated by the proof.

Hence, assuming that the indictment and verdict in the Federal court were properly received and are here to be considered, still they do not show that the appellant was there convicted of receiving a sum in excess of $25, which would be necessary to make him guilty of grand larceny under our state law.

The offense of impersonating an officer is dealt with under our state law, and is made a gross misdemeanor only. Rem. Comp. Stat., § 2616.

Hence the conviction in the Federal court of impersonating an officer was not necessarily a conviction of a crime which, under our law, would amount to a felony.

If the judgment of the Federal court actually showed that the appellant had there been convicted of so receiving a sum in excess of $25, the conviction would amount to a felony under our larceny statute, Rem. Comp. Stat., § 2601, which reads:

"Every person who, with intent to deprive or defraud the owner thereof— . . .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . by color or aid of any fraudulent or false representation, personation or pretense . . .

"Steals such property and shall be guilty of larceny;"

and Rem. Comp. Stat., § 2605, which provides that when the property of another so taken is of the value of more than $25, the crime is grand larceny and is therefore a felony under our penal code.

■ It seems to be a well settled rule of law that a judgment is not an adjudication of any matter which is not essential to support it.

"It is allowable to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.' But such an inference must be inevitable, or it cannot be drawn. These we understand to be the limitations of the rule, according to all the well considered authorities, ancient and modern." *Burlen v. Shannon,* 99 Mass. 200.

" 'That only is deemed to have been adjudged in a former judgment which appears upon its face to have been adjudged, or which was actually and necessarily included therein, or necessary thereto.' 'The true doctrine is that facts found sufficient to uphold the decree conclude the parties and nothing else.' " *Lord v. Thomas,* 36 Pac. (Cal.) 372.

To support the Federal judgment, as we have already seen, it was only necessary that there should be proof that the accused impersonated an officer, as charged, and that, while doing so, he demanded or received something of value, but we may not from that judgment assume that the thing so received amounted in value to more than $25.

We are therefore forced to the conclusion that the charge of conviction in the Federal court does not amount, in law, to a charge that the crime of which appellant was so convicted amounts to a felony under our law. The sentence of imprisonment for life was therefore erroneous and, in resentencing, the conviction in the Federal court must be disregarded.

The judgment is reversed, and the cause remanded with instructions to resentence the appellant in accordance with the views herein expressed.

MITCHELL, C. J., FULLERTON, PARKER, MAIN, FRENCH, BEALS, and MILLARD, JJ., concur.

HOLCOMB, J., dissents.

