28 N.J. Super. 45 (1953)
100 A.2d 304
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PARIS COMPTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered October 19, 1953.
Decided October 26, 1953.
*46 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. George A. Gray, of counsel and on the brief with respondent (Mr. J. Victor Carton, Monmouth County Prosecutor, attorney).
Mr. Paris Compton, pro se.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
May one who pleads guilty to accusations under two separate waivers of indictment, one charging breaking and entering a dwelling house by daytime with intent to steal (N.J.S. 2A:94-1, formerly R.S. 2:115-2), and the other larceny of personal property from the owner thereof (N.J.S. 2A:119-2, formerly R.S. 2:145-2), be sentenced to terms of imprisonment on both, to be served consecutively?
The defendant signed two waivers of indictment requesting trial by the court without a jury, wherein he was charged respectively with willfully and maliciously breaking and entering the dwelling house of one Abraham Frankel with intent feloniously to steal the goods and chattels of Frankel; and the larceny of one Longine watch, one bottle of rum and cash, having a total value of $355, the property of Frankel.
*47 On August 12, 1948, when placed before the bar of the court to plead to the two charges, the defendant entered pleas of guilty to both. Subsequently, the court imposed a sentence of not less than five years nor more than seven years on each charge, to be served consecutively.
The defendant's application to the trial court for a correction of his sentences was, by letter opinion of the Monmouth County Court dated April 9, 1953, denied, from which denial defendant appeals.
The defendant contends that "The two charges were in fact one continuous criminal act, properly belonging as counts in a single indictment"; that the two charges "grow out of the same transaction, yet differ in degree" and, therefore, only one penalty could legally be imposed.
A rule contrary to the defendant's contentions has been firmly established in New Jersey. The identical question was discussed and decided in the case of State v. Byra, 128 N.J.L. 429 (Sup. Ct. 1942); affirmed by the Court of Errors and Appeals on the Supreme Court's opinion and reported in 129 N.J.L. 384 (1943). To indicate the controlling rule enunciated in the Byra case, we quote excerpts from the opinion of Mr. Justice Parker:
"* * * But it is clear that burglary is proved on satisfactory evidence (1) of breaking and entering by night and (2) of the concomitant intent to commit a felony, whether that intent be carried out or not. If the `felony' be in fact committed, it is a crime in itself, quite separate from the breaking and entering, and indictable as such. Hence the later practice of pleading burglary in one count, charging only the intent in connection with the breaking and entering, and larceny or other common law felony in a separate count. In such case there may be a conviction on either count or on both, the crimes being legally separate * * *. [citing the case of Josslyn v. Commonwealth, 6 Metc., Mass., 236 (1843)].

* * * * * * * *
As noted in 9 C.J. 1058, there is a lack of uniformity in the several states on this point, but we are decidedly of the view that under a count for breaking and entering with intent, the proof of the crime is complete when those two elements are shown, irrespective of whether there was a carrying out of the intent, and sentence may be pronounced accordingly; and that the actual perpetration of the larceny or other crime is no part of the offence *48 of breaking and entering with intent but is a separate and distinct offence, at common law, and treated in a separate section of our Crimes Act. The former offence is denounced in R.S. 2:115-1, formerly section 131 of the Crimes Act, and the latter in 2:145-2 formerly section 158 of the same act, Comp. Stat. 1787, 1792. We consider the law in this state to be as stated in section 1062 of volume 1, Bishop's New Criminal Law, viz., `a first count may set out the breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both.'"
Cf. State v. Louden, 21 N.J. Super. 497 (App. Div. 1952).
The defendant seems to be under the impression that there is a distinction between the effect of a plea of guilty voluntarily entered and a conviction by a trial on the merits. Such a view is clearly erroneous. A conviction ensues whether one pleads guilty to the charge or is found guilty by the court or a jury as the result of a trial on the merits.
"A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information." 14 Am. Jur., Criminal Law, sec. 272, p. 952.
This general rule is followed in this State as well as by textbook writers and the courts of other jurisdictions. "Which conviction may accrue two ways: either by his confessing the offence and pleading guilty; or by his being found so by the verdict of his country." 4 Blackstone Commentaries, c. XXVII; Schireson v. State Board of Medical Examiners, 130 N.J.L. 570, 573 (E. & A. 1943); State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951), affirmed 9 N.J. 402 (1952); In re Sabongy, 18 N.J. Super. 334, 344 (Law Div. 1952); Green v. Commonwealth, 12 Allen. 155, 172 (Mass. Sup. Jud. Ct. 1866); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Jenness v. State, 144 Me. 40, 64 A.2d 184, 186 (Me. Sup. Jud. Ct. 1949); Commonwealth v. Simmons, 361 Pa. 391, 65 A.2d 353, 359 (Sup. Ct. 1949); 22 C.J.S., Criminal Law, § 424, page 656.
*49 Incidentally, it appears from the briefs of the defendant and the State that subsequent to defendant's arrest and incarceration, an attempt was made by a representative of the prosecutor's office to get Compton to "clear up" a large number of robberies which had occurred in the county, upon an assurance to him that if he would cooperate, he would not be prosecuted as a fourth offender. Compton concedes in his brief that "I indicated that I was particularly anxious to escape life imprisonment as a fourth offender under the habitual criminal act." Defendant vehemently denies his guilty participation in the so-called "crime wave." It is clear from the record that Compton was not prosecuted and convicted as a fourth offender which he might well have been, in which event a sentence of life imprisonment undoubtedly would have been imposed. While such an agreement has no binding effect upon the Court and is not looked upon favorably (In re Sabongy, supra; State v. Miller, 16 N.J. Super. 251, 84 A.2d 459 (App. Div. 1951)), the defendant in the instant case suffered no manifest harm or injustice therefrom. Otherwise a sentence of life imprisonment might have been his misfortune.
Affirmed.