UNITED STATES of America,
Plaintiff-Appellee,

v.

James E. WILLIAMS, Defendant-
Appellant.

No 72–3119

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1973.

E. Louis Adams, Albany, Ga., Court-appointed, for defendant-appellant.

William J. Schloth, Macon, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

James E. Williams was convicted of a violation of 18 U.S.C. § 371 under an indictment alleging a conspiracy (a) to defraud the United States Government by stealing, forging, and negotiating United States Treasury checks in violation of 18 U.S.C. § 495 and (b) to steal state welfare checks from the United States mails in violation of 18 U.S.C. § 1708. Williams contends on appeal that the government failed to prove either that the conspirators stole and forged Treasury checks or that the state welfare checks which were cashed were stolen from the mails.

■ To sustain a conviction under 18 U.S.C. § 371, the prosecution must demonstrate an unlawful agreement and at least one independent act in furtherance of the agreement. It need not show that the conspirators committed the substantive crime which is charged in the indictment as the object of the conspiracy. Yates v. United States, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084, 1 L.Ed.2d 1356, 1384 (1957). Nor is it necessary to substantiate each of the overt acts al-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York    et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1048**

leged in the indictment. Bradford v. United States, 413 F.2d 467 (5th Cir. 1969).

 Assuming *arguendo* that the evidence in the present case was insufficient to establish the specific violations of 18 U.S.C. § 495 and 18 U.S.C. § 1708 alleged in the indictment, it was amply sufficient to establish both the conspiracy alleged and numerous overt acts in furtherance of that unlawful agreement.

The appellant's conviction is

Affirmed.