[No. 2290-1. Division One. December 16, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. LOREN LESLIE
HINTON, *Appellant*.

*Kenneth E. Kanev* of *Seattle-King County Public Defender*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Corydon J. Nelsen, Deputy*, for respondent.

HOROWITZ, J.—Defendant Hinton appeals from a judgment and sentence for robbery and as a habitual criminal.

On August 1, 1972, defendant was charged with robbery. After jury trial, he was found guilty. Later, after trial on a supplemental information charging him with being a habitual criminal, defendant was found guilty of the charge so made. He was then sentenced to life imprisonment on the robbery charge.

Defendant makes three assignments of error with respect to the robbery conviction and fourteen assignments of error with respect to the habitual criminal proceeding. We affirm as to the robbery conviction and reverse as to the habitual criminal proceeding.

Defendant first contends the court erred in permitting Dr. Richard Jarvis, a psychiatrist, to express his opinion concerning defendant's ability to form a criminal intent based upon the facts stated in a hypothetical question. To save time, after Dr. Jarvis took the stand, counsel for the respective parties initially agreed an earlier hypothetical question asked of another expert, Dr. James William Smith, need not be repeated but could be considered as having been asked of Dr. Jarvis, he having stated he heard all or most of the question. It later developed that Dr. Jarvis could not remember all the matters included in the hypothetical question previously asked. Defendant did not request the hypothetical question be repeated so that Dr. Jarvis could respond to the repeated question; nor did the defendant make any attempt to show the matters Dr. Jarvis could not remember were material. Without a request for repetition of the earlier question so as to obviate the error now claimed and without a showing the matters not recalled were material, defendant's objection to the receipt of

Dr. Jarvis' testimony must be deemed waived. *See State v. Berkins*, 2 Wn. App. 910, 471 P.2d 131 (1970). *See also Vaupell Indus. Plastics, Inc. v. Department of Labor & Indus.*, 4 Wn. App. 430, 481 P.2d 577 (1971).

Defendant further contends Dr. Jarvis was not qualified to answer the hypothetical question without first showing he had knowledge of defendant based on his personal examination. We do not agree. The qualification of an expert to testify is a matter for the trial court's determination, reviewable only for manifest abuse of discretion. *See State v. O'Connell*, 83 Wn.2d 797, 523 P.2d 872 (1974); *Myers v. Harter*, 76 Wn.2d 772, 459 P.2d 25 (1969); *State v. Moore*, 7 Wn. App. 1, 499 P.2d 16 (1972). An expert witness may be asked to testify to a hypothetical question concerning the capacity of defendant to form a criminal intent based on the facts assumed to be true in the hypothetical question. It is not essential the witness also have personal knowledge of the person whose criminal intent is involved in order to respond to a hypothetical question. *See Patrick v. Smith*, 75 Wash. 407, 134 P. 1076 (1913). We cannot say the court erred in permitting Dr. Jarvis to testify "upon a ground, or to an extent, clearly untenable or manifestly unreasonable." *Friedlander v. Friedlander*, 80 Wn.2d 293, 298, 494 P.2d 208 (1972). *See generally* R. Bowers, *The Judicial Discretion of Trial Courts* §§ 11, 12 (1931); R. Meisenholder, 5 Wash. Prac. §§ 353, 354, 355 (1965).

Defendant contends the court erred in permitting the use of defendant's prior convictions for impeachment purposes, namely: (1) 1942—rape; (2) 1946—uttering a forged check; (3) 1953—grand larceny; (4) 1960—forgery; and (5) 1968—conspiracy to break and enter a post office. Defendant argues the prejudicial impact of the prior convictions far outweighed the probative relevance they might have had on the issue of defendant's credibility. RCW 10.52.030 expressly provides that a person convicted of a crime is a competent witness, "but his conviction may be proved for the purpose of affecting the weight of his testi-

mony . . ." The statute contains no prohibition against use of prior convictions because of their remoteness or because of their nature. *State v. Robinson*, 75 Wn.2d 230, 450 P.2d 180 (1969).

■ Defendant contends the court denied him due process of law by delaying the CrR 101.20W hearing (presently CrR 3.5) from the time first demanded prior to trial to the time when the statement was first offered in rebuttal. Prior to the statement being admitted, the court on defendant's request held a CrR 101.20W hearing and found defendant signed the statement voluntarily. The statement was then admitted into evidence. In view of the finding of voluntariness, we find no prejudicial error. The court having first found that the statement was voluntarily given, all protection intended by the CrR 101.20W hearing was achieved. *See State v. Joseph*, 10 Wn. App. 827, 520 P.2d 635 (1974).

Defendant contends the court erred in not advising defendant he need not testify in the CrR 101.20W hearing. Prior to that hearing, during defendant's cross-examination, defendant without objection had admitted that, after being informed of his constitutional rights, he had signed the statement of his own free will. Had the court advised defendant he need not testify and had defendant thereupon declined so to do, the court could nevertheless properly consider defendant's earlier admission concerning the voluntary character of the statement in determining whether the statement was voluntarily given so as to be admissible. Defendant was not prejudiced.

■ Defendant contends the court erred in refusing to give defendant's third additional proposed instruction. That proposed instruction reads:

You may give such weight and credibility to alleged statements of the defendant, in view of the surrounding circumstances as you see fit.

The proposed instruction was adequately covered in instructions Nos. 14 and 17. *See State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968).

Defendant's principal contentions relate to the habitual criminal charge against defendant initiated by supplemental information alleging defendant had not only been convicted of the robbery charge, but had also been convicted of three crimes which amounted to felonies under the laws of the State of Washington. RCW 9.92.090. The court found defendant had been convicted of two of the three crimes charged, including a federal court conviction under 18 U.S.C. § 371 described as a "conspiracy to violate 18 U.S.C. 2115 (Breaking and Entering U. S. Post Office) . . ."

The State contends defendant's federal court conviction for violating 18 U.S.C. § 371 establishes the facts necessary to amount to a felony under RCW 9.22.040, a statute prohibiting conspiracy against the State and its subdivisions. Defendant contends, however, the federal conviction would only amount to a gross misdemeanor under RCW 9.22.010, the general conspiracy statute.

18 U.S.C. § 371 reads:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

The crime with respect to which the conspiracy was charged is described in 18 U.S.C. § 2115, which reads:

> Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

The relevant Washington statutes read:

> Whenever two or more persons shall conspire—
> (1) To commit a crime; . . .
>
> . . .
>
> Every such person shall be guilty of a gross misdemeanor.

RCW 9.22.010.

> If two or more persons conspire either to commit any offense against, or to defraud the state, or any county, city, town, district, or other municipal corporation therein, or a department or agency of any thereof, in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than ten thousand dollars or imprisoned not more than five years, or both.

RCW 9.22.040.

■ RCW 9.22.040 is a specific statute prohibiting conspiracy against certain governmental units. RCW 9.22.010 applies to all other conspiracies. *State v. Carroll*, 81 Wn.2d 95, 500 P.2d 115 (1972). Accordingly, RCW 9.22.040 does not include offenses against "the United States, or any agency thereof . . ." as set out in 18 U.S.C. § 371. 18 U.S.C. § 371 and RCW 9.22.040 are parallel statutes. Each deals, however, with the governmental units in its own jurisdiction. A conspiracy to rob a post office in violation of 18 U.S.C. § 371 would not be a conspiracy to defraud "the state, or any county, city, town, district, or other municipal corporation therein, or a department or agency of any thereof . . ." within the meaning of RCW 9.22.040. It would, however, be a conspiracy under RCW 9.22.010. The latter conspiracy, however, by its terms is only a gross misdemeanor.

The State alternatively contends defendant's federal court conviction for violating 18 U.S.C. § 371 establishes the facts necessary to amount to a felony under RCW 9.19.020, the second-degree burglary statute. The evidence showed the federal court conviction was initiated by an amended information filed by the United States Attorney not only charging the conspiracy, but charging defendant with committing four overt acts pursuant to that conspiracy. The judgment of conviction showed that it was based upon defendant's plea of guilty. Defendant contends the conviction so adjudged does not amount to a felony under Washington law. If defendant is correct, then the federal court conviction cannot be used for purposes of the habitual criminal statute. *State v. Roberts*, 151 Wash. 61, 275 P. 60

(1929); *State v. Wait*, 9 Wn. App. 136, 509 P.2d 372 (1973).

■ To establish a violation of 18 U.S.C. § 371, the prosecution must prove beyond a reasonable doubt (1) an unlawful conspiracy, and (2) at least one overt act in furtherance of the conspiracy. It is not necessary the government prove each of the overt acts charged in the information; nor is it necessary to prove the occurrence of the substantive crime (violation of U.S.C. § 2115) which is the object of the conspiracy. *United States v. Williams*, 474 F.2d 1047 (5th Cir. 1973). In such a case "a verdict does not establish that defendants used all of the means charged or any particular one." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 95 L. Ed. 534, 71 S. Ct. 408 (1951).

The fact that the conviction results from a guilty plea makes no difference. A guilty plea has the same force and effect as a verdict of guilty. *Brandon v. Webb*, 23 Wn.2d 155, 160 P.2d 529 (1945); *State v. Compton*, 28 N.J. Super. 45, 100 A.2d 304 (1953); 21 Am. Jur. 2d *Criminal Law* § 495 (1965); 22 C.J.S. *Criminal Law* § 424(2) (1961). Accordingly, a guilty plea does not necessarily mean the defendant is responsible for all the overt acts alleged to have been done pursuant to the conspiracy. It therefore cannot be determined on a guilty plea to the conspiracy charge which of the overt acts alleged as having been performed by the defendant were in fact performed by him. *United States v. Ben Grunstein & Sons Co.*, 127 F. Supp. 907 (D.N.J. 1955); *United States v. American Packing Corp.*, 113 F. Supp. 223 (D.N.J. 1953).

One of the overt acts alleged in the amended information setting forth the federal charge was the defendant drove the conspirators from Portland, Oregon, to Silver Lake, Washington, for the purpose of illegally entering the post office at Silver Lake. For all we know, the federal court conviction, following the plea of guilty, might have been based on (1) the conspiracy, and (2) the overt act last described. *See United States v. Bazinet*, 462 F.2d 982, 991 (8th Cir. 1972). The conviction under 18 U.S.C. § 371 not

necessarily establishing defendant violated 18 U.S.C. § 2115 so as to amount to a violation of RCW 9.19.020, the federal court conviction is unavailable to prove the habitual criminal charge. RCW 9.92.090; *State v. Roberts, supra; State v. Wait, supra.*

Reversed with directions to dismiss the supplemental information and to resentence defendant on the robbery charge.

SWANSON, C.J., and WILLIAMS, J., concur.