[No. 6971–3–I.   Division One.   June 9, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. LANFORD
DOUGLAS TRIBBLE, *Appellant.*

*John G. Ziegler* of *Seattle–King County Public Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gordon S.
Jones, Deputy,* for respondent.

CALLOW, C.J.—Lanford Douglas Tribble appeals from the
trial court's judgment adjudging him to be a habitual crim-
inal. The issues presented are: (1) Should the cause have

been dismissed because the State did not properly plead and prove the Oregon statutes which formed the basis for Tribble's prior convictions? (2) Should the cause have been dismissed because one of the convictions for crime in Oregon did not necessarily constitute the elements of a felony in Washington? (3) Should the cause have been dismissed because the records of one of Tribble's prior convictions in Oregon did not show that he was represented by counsel at all critical stages of the previous prosecution? (4) Did the trial court err in concluding that one of the Oregon statutes under which Tribble was previously convicted was constitutional?

The defendant was convicted of first–degree robbery on June 8, 1978, in King County Superior Court. He was subsequently charged with being a habitual criminal, the basis of the charge being the robbery conviction and four prior Oregon convictions. The amended supplemental information alleging the above crimes did not set forth the specific Oregon statutes under which Tribble had previously been convicted. The State conceded that it had not proved that two of the alleged prior convictions were felonies in Washington at the time of those convictions. The State eventually relied on a 1975 Oregon conviction for "criminal activity in drugs" and on a 1972 Oregon conviction for "burglary (not in a dwelling)." As proof of the drug conviction, the State offered authenticated copies of the information and judgment stating that Tribble was charged and convicted of unlawfully and knowingly possessing a dangerous drug, to wit: amphetamine. The court also admitted copies of Oregon statutes from Title 47 and Title 16 of the Oregon Revised Statutes. As proof of the prior burglary conviction, the State offered authenticated copies of the indictment and judgment alleging the factual basis of the charge and finding defendant guilty of the crime of burglary (not in a dwelling). After argument, the trial court found that the State proved both prior convictions beyond

a reasonable doubt and that Tribble was represented by counsel at all material times relative to each of these convictions.

The first issue is whether the State properly pleaded and proved the Oregon statutes which formed the basis for Tribble's prior convictions.

The defendant contends that the State was required to specifically plead the Oregon statutes forming the basis for the prior convictions, and that absent such pleading the court could not take judicial notice of those statutes. RCW 5.24.010; RCW 5.24.040; *State v. Collins*, 69 Wash. 268, 124 P. 903 (1912); *Byrne v. Cooper*, 11 Wn. App. 549, 523 P.2d 1216, 75 A.L.R.3d 176 (1974). He contends that the statutes which the State proved by introducing copies into evidence were the wrong statutes and were not the statutes under which Tribble was convicted of "criminal activity in drugs" (Or. Rev. Stat. § 167.207) and "burglary (not in dwelling)" (Or. Rev. Stat. § 164.230). *State v. Keys*, 244 Ore. 606, 419 P.2d 943 (1966).

The State responds that copies of all relevant statutes were admitted into evidence to show that the crimes of which Tribble was convicted in Oregon constituted felonies in Washington. RCW 5.44.050; *State v. Brezillac*, 19 Wn. App. 11, 573 P.2d 1343 (1978). Admission of these statutes was not necessary, but they were admitted to assist in proving that the crimes of which Tribble was convicted were and are felonies in this state. RCW 9.92.090.

We find nothing in either the habitual criminal statute or the cases which would require the State in a habitual criminal prosecution to specifically plead and prove a foreign statute forming the basis of a prior felony conviction. Tribble relies on *State v. Collins*, 69 Wash. 268, 124 P. 903 (1912), which states at page 273 that "where a foreign law is an essen[t]ial element to the cause of action or defense it must be pleaded and proved like any other fact."

■ The Oregon criminal statutes are not essential to proof of habitual criminal status.[1] As stated recently in *State v. Rinier,* 93 Wn.2d 309, 312, 609 P.2d 1358 (1980):

> The test for determining the sufficiency of an out-of-state conviction is whether the indictment or information under which defendant was convicted in a foreign jurisdiction stated facts sufficient to amount to the minimum elements of a felony in Washington.

The information charging Tribble with "criminal activity in drugs" alleged that:

> The said Lanford Douglas Tribble on or about the 19th day of February, 1975, in Lincoln County, Oregon, did unlawfully and knowingly possess a dangerous drug, to-wit: amphetamine.

Under Washington law, at the time the offense was committed, at all times since then, and at the present time, the facts alleged in the Oregon information were sufficient to constitute a felony in this state.[2]

The second issue is whether Tribble's Oregon conviction for "burglary (not in a dwelling)" amounted to a felony in Washington at the time. The defendant asserts that the Oregon statute under which he was charged considered any unlawful entry to be a "breaking," whereas Washington law at the time required an actual physical breaking into a building which was not a dwelling. *State v. Keys,* 244 Ore. 606, 419 P.2d 943 (1966); *State v. Gregor,* 11 Wn. App. 95, 521 P.2d 960 (1974); *State v. Hill,* 5 Wn. App. 451, 487 P.2d 654 (1971). He contends that the State of Oregon did not

---

[1]For this reason we do not consider Tribble's contention that the wrong Oregon statutes were admitted into evidence.

[2]RCW 69.50.208(b)(1) lists amphetamine as a Schedule 3 controlled substance. RCW 69.50.401(d) declares that it is unlawful to possess a controlled substance unless it was obtained directly from or pursuant to the order of a practitioner. RCW 69.50.401(d) also provides for a penalty of not more than 5 years' imprisonment or a fine of not more than $10,000 or both. RCW 9A.04.040 states that a crime is a felony if it provides that a person convicted may be sentenced to imprisonment for a term in excess of 1 year.

*necessarily* prove that he "forcibly enter[ed] an outer window" and, therefore, his conviction did not necessarily amount to a felony in Washington. *State v. Roberts,* 151 Wash. 61, 275 P. 60 (1929); *State v. Hill, supra.*

The State responds that the indictment, under which Tribble was charged with burglary, stated facts sufficient to amount to a felony in Washington. *State v. Wait,* 9 Wn. App. 136, 509 P.2d 372, 65 A.L.R.3d 578 (1973), *cert. denied,* 415 U.S. 930, 39 L. Ed. 2d 488, 94 S. Ct. 1440 (1974). RCW 9.92.090 provides in part:

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life.

In addition to the rule of *State v. Rinier, supra,* it has been recognized that the charging instrument must state facts which would *necessarily* prove all of the elements of a felony in Washington. *State v. Wait, supra; see also State v. Hinton,* 12 Wn. App. 267, 529 P.2d 843 (1974); *State v. Roberts,* 151 Wash. 61, 275 P. 60 (1929).

The indictment charging Tribble with "burglary (not in a dwelling)" alleged the following facts:

> The said LANFORD DOUGLAS TRIBBLE on the 4th day of September 1971 in the County of Marion and State of Oregon then and there being, did then and there wilfully, unlawfully and feloniously break and enter, by forcibly entering an outer window thereof, a certain building, not being a dwelling house, to wit: Ben Colbath Real Estate office, owned by Ben Colbath Real Estate, Inc., a corporation, located at 3904 Commercial Street S.E., in the city of Salem, Marion County, Oregon, in which said building personal property was then and there being kept, with intent to steal therein.

The Washington burglary statute which was in effect at the time of Tribble's commission of the burglary in Oregon reads as follows:

9.19.020 Second degree. Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Break" was defined in RCW 9.01.010 as follows:

20. The word "break," when used in connection with the crime of burglary, shall include:

(a) Breaking or violently detaching any part, internal or external, of a building;

(b) Opening, for the purpose of entering therein, any outer door of a building or of any room, apartment or set of apartments therein separately used and occupied, or any window, shutter, scuttle or other thing used for covering or closing any opening thereto or therein, or which gives passage from one part thereof to another;

(c) Obtaining entrance into such building or apartment by any threat or artifice, used for that purpose, or by collusion with any person therein;

(d) Entering such building, room or apartment by or through any pipe, chimney or other opening, or by excavating or digging through or under a building or the walls or foundation thereof.

Although the indictment alleged a forcible breaking *and* entry, under the Oregon law in effect at that time the prosecution was not required to prove a breaking, but only an unlawful entry. *State v. Keys,* 244 Ore. 606, 419 P.2d 943 (1966).[3] The Washington burglary statute in effect at that time required proof of something more than was necessarily

---

[3]The burglary statute under which Tribble was charged, Or. Rev. Stat. § 164.240, reads as follows:

Any person who breaks and enters any building within the curtilage of any dwelling house, but not forming a part thereof, or breaks and enters any

proved under the Oregon indictment, *i.e.*, an actual physical breaking, and therefore Tribble's prior Oregon burglary conviction cannot be used for purposes of the habitual criminal statute. *State v. Hinton, supra* at 272–74.[4] The fact that the conviction results from a guilty plea makes no difference since, in the context considered, a guilty plea has the same force and effect as a verdict of guilty. *State v. Hinton, supra* at 273.

The third issue presented is whether the action should have been dismissed because the records of one of Tribble's prior convictions did not show that he was represented by counsel at all critical stages of the previous prosecution.

Tribble contends that the records of his prior conviction for "criminal activity in drugs" fail to show that he was represented by counsel at a preliminary hearing. He claims that because this hearing was a "critical stage" of the prosecution the records must show that he was represented by

---

building or part thereof, booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept and which is not a dwelling house, with intent to steal or to commit any felony therein, is guilty of burglary and shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years.

Or. Rev. Stat. § 164.220, also in effect at that time, reads in part:

Every unlawful entry of any building, booth, tent, railroad car, vessel, boat, or other structure or erection mentioned in ORS 164.240, with intent to steal or commit any felony therein, is a breaking and entering of the same within the meaning of ORS 164.240.

In *State v. Keys*, 244 Ore. 606, 419 P.2d 943 (1966), the Oregon Supreme Court interpreted Or. Rev. Stat. § 164.220 as follows:

The only purpose of the enactment of ORS 164.220 then was to enlarge the scope of constructive breaking as known to the common law to include "[e]very unlawful entry."

[4]The State could have proved the Oregon offense by showing that Tribble entered an open door, with consent, during business hours and, if the State proved that this entry was with the intent to commit a felony, such proof would be sufficient to convict under Or. Rev. Stat. § 164.240. *State v. Keys, supra*. In Washington, however, those facts would have been insufficient to prove burglary, as proof of a breaking is also required under former RCW 9.19.030. "Breaking" requires the use of some force, however slight, to remove an obstacle to entry. *State v. Hill*, 10 Wn. App. 851, 854–56, 520 P.2d 946 (1974), quoting *State v. Rosencrans*, 24 Wn.2d 775, 779, 167 P.2d 170 (1946).

counsel, citing *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); and *State v. Montague,* 10 Wn. App. 911, 521 P.2d 64 (1974); *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976), *appeal dismissed,* 432 U.S. 901, 53 L. Ed. 2d 1074, 97 S. Ct. 2943 (1977).

The State responds that the records show that Tribble was represented by counsel when he was advised of his rights, waived reading of the information, entered a guilty plea, and was sentenced. The State argues that, absent any contention that Tribble was not represented by counsel at the preliminary hearing and that he was prejudiced, the record is sufficient. *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978); *State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974).

The State has the burden of showing beyond a reasonable doubt that a prior conviction was based upon a valid guilty plea. *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). The records of Tribble's conviction for criminal activity in drugs indicate that the information was filed after a preliminary hearing. They also reveal that Tribble was represented by counsel at the time he entered a guilty plea and at the time of sentencing. Tribble does not contend that he was not represented by counsel at the preliminary hearing and, in any event, the records before us are sufficient to show that he was represented by counsel in the prior proceedings. *State v. Brezillac, supra; State v. Alexander, supra.*[5]

The final issue presented is whether the trial court erred in concluding that one of the Oregon statutes under which Tribble was previously convicted was constitutional.

Tribble contends that the statute which the State of

---

[5]In *State v. Brezillac, supra,* and *State v. Alexander, supra,* copies of file jackets listing the names of counsel were held to be sufficient to show representation by counsel.

Oregon alleged as the basis for his "criminal activity in drugs" conviction was unconstitutional because it allowed different degrees of punishment for the same act. *Olsen v. Delmore,* 48 Wn.2d 545, 550, 295 P.2d 324 (1956).

The State responds that the statute is not unconstitutional as it does not give prosecutors absolute discretion to charge a defendant with a felony or a misdemeanor, but only gives discretion in sentencing. *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961); *State v. Ronniger,* 7 Ore. App. 447, 492 P.2d 298 (1971).

▮ The statute challenged by Tribble, the former Or. Rev. Stat. § 475.990(2), provided:

> Violation of subsection (1) or (2) of ORS 475.100 is punishable, upon conviction, by a fine not exceeding $5,000 or by imprisonment in the county jail not exceeding one year, or both, or by imprisonment in the penitentiary not exceeding 10 years, or by a fine of not more than $5,000, or both.

Tribble's reliance on *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), is misplaced. *State v. Boggs,* 57 Wn.2d 484, 490, 358 P.2d 124 (1961), explains the *Olsen* decision as follows:

> The *Olsen* case does not support the appellant's contention. It stands for the proposition that a statute which purports to authorize prosecuting officials to charge violations of a section of the penal code either as a gross misdemeanor or a felony constitutes a denial of equal protection under the law. In the instant case, no such discretion is lodged in prosecuting officials. In arriving at this proposition of law in the *Olsen* case, we expressly stated that a statute providing alternative punishments of penitentiary or county jail imprisonment does not constitute a denial of equal protection under the law.

The judgment finding the defendant to be a habitual criminal is reversed, since it is based in part upon a prior Oregon conviction for burglary which did not necessarily

encompass the elements of a felony in the state of Washington at the time of conviction.

Swanson and Dore, JJ., concur.

Reconsideration denied September 3, 1980.

Review denied by Supreme Court November 21, 1980.